UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>FUNDS AND FINANCIAL INSTRUMENTS<br>DEPOSITED OR CREDITED TO BANK OF<br>CHINA LIMITED, NEW YORK BRANCH<br>ACCOUNT NUMBER 7001-1000012-000-001<br>OR ANY OTHER CORRESPONDENT ACCOUNT<br>MAINTAINED BY THE BANK OF CHINA<br>LIMITED AT THE BANK OF CHINA<br>LIMITED, NEW YORK BRANCH, NOT TO<br>EXCEED $1,196,890.54; *ET AL.*,<br>　　　　　Defendants. | Civ. No. 09-11190-RGS |

## **REPLY IN SUPPORT OF UNITED STATES' MOTION TO DISMISS**

The United States moved to dismiss this civil *in rem* forfeiture action because it determined, after the action was filed, that the vast majority of the defendant funds are not forfeitable. In its opposition, Eastern Bank asks this Court to issue a finding that would (1) force the United States to prosecute a forfeiture case for unforfeitable assets; (2) allow private parties to commandeer a federal forfeiture action to litigate a private civil dispute (in contravention of case law from the Second, Fourth and Sixth Circuit Courts of Appeal); and (3) continue the case for a claimant who lacks standing. For all the reasons stated in the United States' Motion to Dismiss and Memorandum of Law and as set forth below, the Court should dismiss this case pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**ARGUMENT**

**I.  The United States Appropriately Moved to Voluntarily Dismiss this Action, and neither Eastern Bank nor any other Claimants Will Suffer Legal Prejudice.**

Eastern Bank ("Eastern") wholly ignores the Federal Rules of Civil Procedure and instead looks solely to Rule G(8)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules") to mistakenly argue that once the United States brings an *in rem* proceeding, the government cannot move to dismiss it. Contrary to Eastern's assertion, the Supplemental Rules are not exclusive. Supplemental Rule A(2) expressly applies the Federal Rules of Civil Procedure to forfeiture actions except to the extent the Federal Rules of Civil Procedure are inconsistent with the Supplemental Rules. *See* Supplemental Rule A(2). And Supplemental Rule G(8)(b), which permits claimants with standing to move to dismiss forfeiture actions, does not preclude the United States from moving to dismiss under Rule 41 of the Federal Rules of Civil Procedure. *See* Supplemental Rule G(8)(b); *see also Riley v. United States*, 78 Fed. Appx. 774, 776, 2003 WL 22429043, at *2 (2d Cir. 2003) (district court did not err in granting United States' voluntary dismissal of forfeiture action under Rule 41(a)(2)).

Eastern then asserts that even if Rule 41(a)(2) applied, dismissal would irretrievably prejudice it because its cause of action "can be brought in no other forum." Eastern Opp. at 14. Eastern goes on to equate potentially burdensome "time and expense" with irretrievable prejudice. *Id*. But time and expense, no matter how burdensome, does not mean that Eastern lacks a forum in which to file its own lawsuit against Bank of China Limited ("BOC"). Tellingly, Eastern does not deny that it could directly sue BOC. It merely contends that doing so would force it to deal with "hurdles" absent in this proceeding. *Id*. Quite simply, Eastern asks this Court to allow it to litigate its civil claims by expropriation of a federal forfeiture action

because it may save Eastern time and money – at the expense of the United States. Because a reluctance by Eastern Bank to bring a civil action to litigate its civil claims does not warrant continuation of this forfeiture case, and because the United States appropriately and properly seeks dismissal of this action, the motion to dismiss should be granted.

In an effort to salvage this action, Eastern contends that the Court has continued authority to adjudicate claims of ownership without the United States' involvement. Eastern, however, cites to one inapposite case for this assertion, *475 Martin Lane,* and ignores the holdings of all the Federal Circuit Courts of Appeals that have addressed this issue. The disposition in *United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA* is not on all fours with the case at bar, a difference that the Ninth Circuit expressly addressed in its holding. In *475 Martin Lane*, the district court did not dismiss the government's forfeiture claims based upon voluntary dismissal by the government but rather dismissed the government's forfeiture claim pursuant to Rule 12(b)(6). *See 475 Martin Lane*, 545 F.3d 1134, 1140 (9th Cir. 2008). The Ninth Circuit went on to recognize that other circuits, such as the Second, Fourth, and Sixth, have held that courts have no jurisdiction over forfeiture matters after dismissal. *See 475 Martin Lane*, 545 F.3d at 1145. In distinguishing the cases from those circuits, the *475 Martin Lane* court justified its authority to decide competing claims to the *res* by noting that "[i]n this case, the district court – not the government – dismissed the complaint" on the merits. *Id.* at 1146. Here, the government seeks dismissal voluntarily, and, thus, *475 Martin Lane* is inapposite.

As the *475 Martin Lane* court acknowledged, several other circuits have determined that, after removing the government as a party, a forfeiture action may not be maintained as a liquidation proceeding in which the court decides the merits of competing claims to the *res*.

3

Indeed, the Fourth Circuit held in *In re. Matthews* that "[o]nce the United States voluntarily dismissed its forfeiture action, all proceedings in the action were terminated, and the district court lacked authority to issue further orders addressing the merits of the case." 395 F.3d 477, 482 (4th Cir. 20005). Other courts have reasoned that after the government voluntarily dismisses its case, courts could retain jurisdiction to decide only *collateral* issues. *See United States v. One Parcel of Property Located at 414 Kings Highway, Fairfield, Conn.*, 128 F.3d 125, 127 (2d Cir. 1997); *see also United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 501 n.9 (6th Cir. 1998). Because Eastern is not asking for determination of a collateral issue but rather seeks the Court's adjudication of its claim to the *res*, the Court will lack authority to issue further orders on the merits of the case following dismissal, and the case should be dismissed. *See 475 Martin Lane*, 545 F.3d at 1145 n.6 ("ownership interests in property seized in connection with a forfeiture action goes to the heart of the merits of that action").

## II.     Eastern Bank has not – and cannot – establish ownership under 18 U.S.C. § 981(k).

Eastern protests the voluntary dismissal of the forfeiture action even though it is not an owner of the defendant property under 18 U.S.C. § 981(k). Eastern ignores the explicit language in 18 U.S.C. § 981(k)(4)(B)(ii)(II) that bars all other parties *except* for the foreign financial institution from which funds are seized in the circumstance present here:

> (ii) Exception.— The foreign financial institution...may be considered the "owner" of the funds (***and no other person shall qualify as the owner of such funds***) only if...
>     (II) the foreign financial institution...establishes, by a preponderance of the evidence, that prior to the restraint, seizure, or arrest of the funds, the foreign financial institution...had discharged all or part of its obligation to the prior owner of the funds, in which case the foreign financial institution...shall be deemed the owner of the funds to the extent of such discharged obligation.

18 U.S.C. § 981(k)(4)(B)(ii)(II) (emphasis provided).

4

As explained in the United States' Memorandum of Law, in the context of bank deposits, a foreign bank discharges its obligation when it pays out the deposited funds to the depositors or account holders. U.S. Mem. of Law at 7, citing to *United States v. Union Bank for Sav. & Inv. (Jordan)*, 487 F.3d 8, 18 (1st Cir. 2007). Here, BOC submitted a sworn declaration that it paid out, prior to the seizure of its correspondent funds, almost all of the $1,196,890.54 wired from Eastern. *See* Document No. 17, ¶ 8 and Ex. C. Section 981(k)(4)(B)(ii)(II), therefore, applies in this case. Because BOC discharged its obligations regarding almost all of the funds wired from Eastern, BOC – and *only* BOC – may be considered the "owner" of the funds seized from its interbank account (the "BOC Seized Funds"). This provision is fatal to Eastern's ownership claim.

Eastern's position also seems to be based on confusion over the status of the defendant *res* at issue here. When forfeitable proceeds are deposited into an account at a foreign bank, Section 981(k) authorizes the seizure of funds equal to the amount of proceeds from an interbank account in the U.S. that belongs to the foreign bank. *See* 18 U.S.C. § 981(k)(1)(A). Specifically, where funds have been deposited into "an account at a foreign bank" and that foreign bank has a interbank account in the U.S., the funds originally deposited into the foreign bank are "deemed to have been deposited into the interbank account in the United States." *Id.* The statute permits seizure of funds "up to the value of the funds deposited into the account at the foreign bank." *Id.* Section 981(k) thus creates the legal fiction that the foreign bank's account holder deposited the funds into the U.S. interbank account instead of the foreign bank, thus providing the government with jurisdiction and authority to seize funds it otherwise could not.

But once the foreign bank establishes by a preponderance of the evidence that the wrongdoers' accounts have been emptied or closed, Section 981(k) deems the foreign bank the

*only* innocent owner to the funds seized from the interbank account. *See* 18 U.S.C. § 981(k)(4)(B)(ii)(II). This is akin to the concept that the United States cannot seize and attempt to forfeit funds on deposit at a domestic bank if those funds have been withdrawn before the seizure warrant is executed. *See* Stefan D. Cassella, *Recovering the Proceeds of Crime from the Correspondent Account of a Foreign Bank*, JOURNAL OF MONEY LAUNDERING CONTROL, 401-415 (2006), available at: http://works.bepress.com/stefan_cassella/16. In other words, in what seems an obvious proposition, the United States cannot seize funds from a domestic bank account that are no longer in the account. Similarly, in this case, where the foreign bank accounts at issue are almost entirely empty, the legal fiction provided by Section 981(k) necessarily means that BOC's interbank account is also "empty" of the alleged criminal proceeds. At this point, the legal fiction dissolves, and the government is left holding funds seized from an innocent third party, not the alleged wrongdoer.

Based on the above, Eastern simply cannot claim ownership to the BOC Seized Funds. Its argument that it has a colorable ownership claim to the defendant *res* is based on the faulty premise that the BOC Seized Funds and the alleged criminal proceeds are one and the same – which they are not. As explained above, in this situation, where funds are no longer on deposit in the alleged wrongdoers' accounts, the BOC Seized Funds are separate and apart from the alleged criminal proceeds. If Eastern has any claim of ownership here – which it does not – its claim must be to the alleged proceeds that are no longer in BOC's custody (and in the account holder's hands), not to the BOC Seized Funds. Eastern's ownership claim, therefore, is misplaced, and Eastern essentially seeks to acquire assets from an innocent third party in place of funds lost to the alleged fraudsters. And while Eastern may argue that it is a victim of a crime,

status as a victim does not confer ownership. *See United States v. One-Sixth Share*, 326 F.3d 36, 44 (1st Cir. 2003) (explaining that even if families of murder victims had secured state court judgment against James J. Bulger, they would be general creditors of Bulger, not secured creditors with recognizable interests in forfeited lottery ticket); *see also United States v. 8 Gilcrease Lane*, 641 F. Supp. 2d 1, 5 (D.D.C. 2009) ("fraud victims who voluntarily transfer their property to their wrongdoers do not retain a legal interest in their property; instead, such victims acquire debt against their wrongdoers").

Finally, the issue of whether a constructive trust exists is a red herring. It is well-settled that if an adequate remedy at law exists, equitable relief is unavailable. *See Infusaid Corp. v. Intermedics Infusaid, Inc.*, 739 F.2d 661, 668 (1st Cir. 1984); *see also Liebson v. Liebson*, 412 Mass. 431, 433 (1992) (refusing to consider equity complaint seeking constructive trust over certain property since complainant had adequate remedy at law). And as Eastern implicitly admits, it has an adequate legal remedy because it can pursue its cause of action by directly suing BOC. Eastern Opp. at 14. Because remedies at law are available, Eastern's constructive trust argument fails. And because it cannot establish standing under either 18 U.S.C. § 981(k) or in equity, the Court should dismiss this action.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this action be

dismissed without prejudice, with each party to bear their own fees and costs.

                                                Respectfully submitted,

                                                CARMEN M. ORTIZ
                                                United States Attorney

                               By:    /s/ Veronica M. Lei
                                                Veronica M. Lei
                                                Special Assistant U.S. Attorney
                                                United States Attorney's Office
                                                1 Courthouse Way, Suite 9200
                                                Boston, MA   02210
                                                (617) 748-3100

Dated: August 9, 2010


## CERTIFICATE OF SERVICE

     I, Veronica M. Lei, Special Assistant U.S. Attorney, hereby certify that the foregoing Reply in Support of United States' Motion to Dismiss was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                /s/ Veronica M. Lei
                                                Veronica M. Lei
                                                Special Assistant U.S. Attorney

Dated: August 9, 2010