UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>-v-<br><br>FUNDS AND FINANCIAL INSTRUMENTS DEPOSITED OR CREDITED TO BANK OF CHINA LIMITED, NEW YORK BRANCH ACCOUNT NUMBER 7001-1000012-000-001 OR ANY OTHER CORRESPONDENT ACCOUNT MAINTAINED BY THE BANK OF CHINA LIMITED AT THE BANK OF CHINA LIMITED, NEW YORK BRANCH, NOT TO EXCEED $1,196,890.54; and FUNDS AND OTHER FINANCIAL INSTRUMENTS DEPOSITED OR CREDITED TO JP MORGAN CHASE BANK NATIONAL ASSOCIATION ACCOUNT NUMBER 0011580131 OR ANY OTHER CORRESPONDENT ACCOUNT MAINTAINED BY THE CIMB BANK BERHAD AT JP MORGAN CHASE BANK NATIONAL ASSOCIATION, NOT TO EXCEED $83,806.89,<br><br>                                Defendants. | Civil Action No. 09 CA 11190 (RGS) |

BANK OF CHINA LIMITED ("Bank of China" or the "Bank"), by and through its attorneys, Thompson Hine LLP, hereby joins in the Motion to Dismiss of plaintiff the United States of America ("Plaintiff" or the "Government") dated July 12, 2010 (the "Motion") and respectfully submits this response to the Opposition to the Motion by claimant Eastern Bank ("Eastern") dated July 30, 2010 (the "Opposition").

As demonstrated below, Eastern's efforts to oppose the Motion are futile as Eastern lacks any standing as a claimant and its objections should be disregarded. Thus, being the only

claimant with standing in this Action,[1] Bank of China joins in, consents to and respectfully requests that the Court grant the Motion.

The factual background is adequately set for in the Motion.

## Argument

**I.     Eastern Lacks Statutory and Constitutional Standing; Its Objections Have No Effect on These Proceedings.**

In its Opposition, Eastern presents a number of baseless, contradictory and convoluted arguments that ignore the one simple and plain fact it cannot overcome: Eastern lacks standing to take any position in this Action or on this Motion.  *See* Government's Memorandum of Law in Support of the Motion, at pp. 8-9 (Document No. 21).  "Standing is a threshold consideration in all cases, including civil forfeiture cases." *United States v. One-Sixth Share*, 326 F.3d 36, 40 (1st Cir. 2003).  In order to demonstrate standing, an entity must satisfy both constitutional and statutory prerequisites.  *Id.*  Eastern fails to establish either.

For statutory standing, there must be a timely verified claim to some or all of the property at issue that the claimant has an interest in some portion of, or all of, that property.  *United States v. 8 Gilcrease Lane*, 641 F. Supp. 2d 1, 5 (D.D.C. 2009) (citing 18 U.S.C. § 983(a)(4)(A)).  Eastern lacks statutory standing because it has <u>no</u> cognizable interest in the money at issue: the funds seized by the Government from Bank of China in the amount of $1,196,890.54 (the "Bank of China Funds").  Contrary to Eastern's contentions, it has <u>no</u> interest in the Bank of China Funds.  As set forth in the Motion, at the time of the seizure at issue, there were virtually no funds[2] deposited at Bank of China that were traceable to the proceeds of fraud.  The Bank of China Funds taken into custody belong to Bank of China, and were held during the period of

---

[1] JP Morgan Chase Bank National Association has not filed a claim for its seized funds.

[2] From the time of the issuance of the Warrant and Monition to and including the time of the seizure, the targets of the Government's investigation had less than US$200 in funds on deposit at Bank of China in Beijing.

192802.1

time that the Government undertook its investigation – that was the reason for the tolling agreement (see further below). Now that the Government has determined that the Bank of China Funds should never have been seized in the first place, it makes this Motion to dismiss so that it can return the Bank of China Funds to the Bank. Accordingly, the Bank of China Funds are not traceable to the funds voluntarily transferred by Eastern during the fraud, and Eastern has no interest in them.

Importantly, Eastern would have no greater interest even if the Bank of China Funds were traceable to the fraud, because Eastern retained no legal interest in any property it voluntarily transferred as a result of the alleged fraud.[3] *See 8 Gilcrease Lane*, 641 F. Supp. 2d at 5 ("Fraud victims who voluntarily transfer their property to their wrongdoers do not retain a legal interest in their property; instead, such victims acquire a debt against their wrongdoers."). Even then, at best, Eastern would have nothing more than a generalized unsecured interest, which is insufficient to give it standing. *Id.*; *One-Sixth Share*, 326 F.3d at 44 (discussing the well-established principle that unsecured general or equitable interests do not confer standing in forfeiture matters.). Accordingly, without a particularized interest in the Bank of China Funds, Eastern cannot meet the statutory requirements of civil forfeiture, which explicitly excludes from the definition of "owner" any parties "with only a general unsecured interest in, or claim against, the property or estate of another." 18 U.S.C.S. §§ 981(k)(4)(B)(i)(I) and 983(d)(6)(B)(i).

Moreover, without a cognizable interest in the Bank of China Funds, Eastern likewise cannot assert constitutional standing. Constitutional standing does not exist without an interest in the property sufficient to create a claim or controversy under Article III of the Constitution. *See One-Sixth Share*, 326 F.3d at 41 ("As to constitutional standing . . . 'a party seeking to challenge a forfeiture of property must first demonstrate an ownership or possessory interest in

---

[3] For this reason, the Court need not make any determination as to whether the Bank of China Funds were or were not subject to seizure.

the seized property in order to contest the forfeiture.'") (citation omitted). Unable to demonstrate any interest in the Bank of China Funds, Eastern lacks standing and its objections to dismissal should be disregarded by the Court.

**II.     The Filing of Bank of China's Claim Was Timely And Appropriate.**

In a final attempt to oppose the Motion, Eastern quizzically describes the position of Bank of China, as the owner of the funds, as "irrelevant" and proceeds to argue that despite the agreement between the Government and Bank of China to toll the time period for the Bank to file its claim, Bank of China's claim was untimely. As a result, Eastern argues the Bank has no standing. Opposition, at p. 15 (Document No. 23).

In support, Eastern cites to a number of factually distinguishable cases in which there are no such tolling agreements between the Government and owner of the seized funds. A tolling agreement, however, must be considered in the timeliness issue because it supports rather than thwarts the purpose and aim of the statutory deadlines. As the First Circuit made clear, the deadline for claims in civil forfeiture proceedings under 18 U.S.C.S. §983(a)(4)(A) "exists precisely to force all claims, competing or not, to be made known at the outset of the proceeding. This procedure not only permits, but requires, the filing of competing claims, in the interest of judicial economy." *United States v. Union Bank for Sav. & Inv. (Jordan)*, 487 F.3d 8, 24 (1st Cir. 2007) (denying late claim that was filed two and a half years after the deadline. Permitting it would result in "prejudice to the government and disruption of the judicial proceedings").

Here, the tolling agreement between the Government and Bank of China was at the outset of the litigation at the request of the Government specifically to allow the Government additional time to further investigate the matter. *See* Government's Memorandum of Law in Support of the Motion, at p. 4 (Document No. 21). Obviously, then, the Government was not "prejudiced" by the extension. To the contrary, the tolling agreement promoted the interests of "judicial

economy." Accordingly, Bank of China's claim to the Bank of China Funds was timely filed and the Bank clearly has standing in this matter.[4]

## Conclusion

For all the foregoing reasons above and as set forth by the Government in support of its Motion, the Government's Motion to Dismiss should be granted.

Dated: New York, New York.
       August 9, 2010

THOMPSON HINE LLP

By:   /s/ Sunny H. Kim
     Sunny H. Kim, BBO #647857
     Richard A. De Palma
     Douglas E. Grover
     335 Madison Avenue, 12th Floor
     New York, New York 10017
     (212) 344-5680

Attorneys for BANK OF CHINA LIMITED

## CERTIFICATE OF SERVICE

Pursuant to LR. 5.2(b) and 5.4(c), I hereby certify that I caused a true copy of the above document to be served upon the attorneys of record by electronic means through the Court's ECF system on the 9th of August, 2010.

Dated: New York, New York.
August 9, 2010

   /s/ Sunny H. Kim
    Sunny H. Kim, BBO# 647857

---

[4] Even if the Bank's position were "irrelevant" as Eastern erroneously suggests, the Motion should be granted for the reasons stated above.

192802.1