UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11190-RGS

UNITED STATES OF AMERICA

v.

FUNDS AND FINANCIAL INSTRUMENTS DEPOSITED OR CREDITED
TO BANK OF CHINA LIMITED, NEW YORK BRANCH ACCOUNT NUMBER
7001-1000012-000-001 OR ANY OTHER CORRESPONDENT ACCOUNT
MAINTAINED BY THE BANK OF CHINA LIMITED AT THE BANK OF
CHINA LIMITED, NEW YORK BRANCH, NOT TO EXCEED $1,196,890.54; and
FUNDS AND FINANCIAL INSTRUMENTS DEPOSITED OR CREDITED TO JP
MORGAN CHASE BANK NATIONAL ASSOCIATION ACCOUNT NUMBER
0011580131 OR ANY OTHER CORRESPONDENT ACCOUNT MAINTAINED
BY THE CIMB BANK BERHAD AT JP MORGAN CHASE BANK NATIONAL
ASSOCIATION, NOT TO EXCEED $83,806.89

MEMORANDUM AND ORDER
ON THE MOTION OF THE UNITED STATES
TO DISMISS

August 16, 2010

STEARNS, D.J.

This case was brought by the United States seeking the *in rem* forfeiture of some $1.3 million in proceeds of a fraudulent check-cashing scheme. The funds originated from the deposit at Eastern Bank of two checks drawn on a purported Export Development Canada account. The funds were transferred on instructions of the depositor to accounts at Bank of China (People's Republic of China) and CIMB Bank Berhad (Malaysia). The checks were counterfeit. On August 6, 2009, the funds were seized by United States Secret Service on a Warrant and Monition issued by this court. On July 12, 2010, the United States filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2).

In the accompanying memorandum, the United States reported that its investigation had determined the Bank of China to be the "sole innocent owner" of the funds, as defined in 18 U.S.C. § 981(k)(4)(B)(ii)(II). See also United States v. Union Bank for Sav. & Inv. (Jordan), 487 F.3d 8, 18 (1st Cir. 2007). Moreover, as the United States points out, Eastern Bank, which believes it has a valid claim to the funds, has no standing to pursue

its claim on the funds using this about-to-be defunct lawsuit as a vehicle.

> While Eastern may have a security interest in the Eastern account maintained by [the depositor], it cannot establish a secured interest in the funds which it voluntarily transferred out of that account and into the foreign accounts. Likewise, while [the depositor] may have a duty to repay Eastern for its loss, and Eastern may have a security interest in any of [the depositor's] funds and accounts remaining in Eastern's possession, Eastern's claim against the Funds is at most that of an unsecured creditor. And it is well established that unsecured creditors do not have standing to challenge the forfeiture of specific property in a civil forfeiture case. 18 U.S.C. § 983(d)(6)(B)(i).

United States Mem., at 8.

In confronting these two arguments, Eastern Bank appears to take the position that it is entitled to step into the shoes of the United States and pursue on its own behalf a claim of ownership in the funds that the United States concedes is legally unsustainable under the forfeiture laws. Eastern Bank's convoluted argument that jurisdiction survives a voluntary dismissal because the action was brought *in rem* rather than *in personam* does not hold water. In United States v. Real Prop. Located at 475 Martin Lane, 545 F.3d 1134 (9th Cir. 2008), the case relied on by Eastern, the dismissal was entered on the merits by the district court on the motion of a group of claimants who argued that the *in rem* complaint filed by the United States was untimely. The claimants' motion was allowed over the government's objection. The Ninth Circuit held that the claimants had standing to litigate the dismissal motion by virtue of what the Court described as a showing of a "colorable interest" in the disputed property. Whether or not its reasoning was correct, the Ninth Circuit conceded that its holding was contrary to that of In re Matthews, 395 F.3d 477, 482 (4th Cir. 2005) (a dismissal of a forfeiture action divests the district court of jurisdiction over all but collateral issues). The Ninth Circuit further conceded that its holding would not apply in a case of a voluntary dismissal (as here). See 545 F.3d at 1146.[1] Nor does Eastern Bank's argument that it is prejudiced by a dismissal save the

---

[1] The Ninth Circuit also noted that the only two other Circuits to weigh in on the issue – the Second and the Sixth – had taken the same position as Matthews. See United

day. First, as the government notes, the argument conflates prejudice with simple inconvenience. Second, it is the government, not Eastern, that risks being penalized (prejudiced) under the forfeiture statute if it allows the seizure of the Bank of China's funds to go uncorrected. Finally, the attempt by Eastern Bank to invoke the doctrine of constructive trust fails as its remedies, such as they may be, are at law and not in equity. See Santagate v. Tower, 64 Mass. App. Ct. 324, 329 (2005).[2]

## ORDER

For the foregoing reasons, the motion of the United States is ALLOWED. The case is DISMISSED without prejudice and will be closed by the Clerk. See P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981).

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

States v. $515,060.452 in United States Currency, 152 F.3d 491, 501 n.9 (6th Cir. 1998); United States v. 414 Kings Highway, 128 F.3d 125, 127 (2d Cir. 1997).

[2]If Eastern Bank has a legitimate quarrel with the Bank of China (or CIMB Bank Berhad) over the ownership of the funds, its relief must come through a proper action brought on its own behalf.